ID# E-4LMMSD2P-3XD
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-2859**

AUG 29, 2022 04:02 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-A-2859

$198.00 COST PAID

Kincade Broughton, Talitha

**PLAINTIFF**

VS.

Walmart Inc.

**DEFENDANT**

## SUMMONS

TO: WALMART INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Christopher S Harris**
> **Harris & Harris, LLC**
> **P.O. Box 679**
> **Palmetto, Georgia 30268**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of August, 2022.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

ID# E-4LMMSD2P-ATQ
🔆 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-2859**

AUG 29, 2022 04:02 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TALITHA KINCADE BROUGHTON, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO._____ |
| WALMART INC, | COMPLAINT FOR DAMAGES |
| Defendant. | |

## COMPLAINT BY INVITEE FOR DAMAGES

COMES NOW your Plaintiff, Talitha Kincade Broughton, a citizen of the State of Georgia, and respectfully shows this Court as follows:

1.

Defendants Walmart Inc. is a for profit corporation organized under the laws of the State of Delaware, with its registered agent for service of process being The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794 in Forsyth County.

2.

Defendant Walmart operates Walmart Supercenter #1586 (hereinafter referred to as "Walmart") and conducts business within the County of Cobb, at 1133 E W Connector, Austell, Georgia 30106 and is subject to the venue and jurisdiction of this court.

3.

Defendant owns and operates a grocery store at the location above identified and opens its doors and solicits patronage of the general public for the purpose of selling food, household items, and other grocery related items.



4.

On August 31, 2020, your Plaintiff was in Defendant's grocery store for the purpose of shopping and buying groceries offered for sale by Defendant.

5.

Plaintiff was on the premises of Defendant's business as an invitee of Defendant.

6.

At the time your Plaintiff was on the premises of the Defendant's place of business, shopping in the eggs section of the store, the condition of the floor of the business was negligently maintained by Defendant in an unrestricted and unmarked area where your Plaintiff and others were anticipated to be walking.

7.

While walking on the floor in Defendant's store, Plaintiff, suddenly and without warning, slipped and fell violently on a puddle of water at or near the eggs section of the store. After falling, Plaintiff noticed puddled water that was leaking from the refrigerator nearby.

8

The dangerous condition of the floor was not known to Plaintiff, Plaintiff had no reason to suspect the floor to be in a dangerous condition, and Plaintiff had no opportunity to discover said dangerous condition.

9.

The dangerous condition of the floor was, however, known to Defendant, or could and should have been known to Defendant through the exercise of reasonable care.

10.

As a result of the fall on Defendant's premises, Plaintiff sustained grievous and permanent injuries, both physical and mental, pain and suffering, medical expenses, loss of income, and other damages, both past, present and future for which Plaintiff is entitled to a recovery.

11.

As the actual and proximate result of the negligence of the Defendant, Plaintiff has incurred medical expenses in an amount not less than Eighty-Two Thousand Dollars ($82,000.00) for which Plaintiff is entitled to a recovery.

12.

Defendant owed Plaintiff the duty to maintain its place of business in a safe condition so as not to expose its invitees to injury. Defendant, by and through its agents and employees, was negligent in the following several particulars:

a) In allowing a leaking refrigerator to be operable in an area where it posed a danger to Plaintiff and other members of the general public when Defendant knew or should have known of the dangers it posed;

b) In failing to maintain a safe environment by cleaning wet floors when it knew or should have known of the danger it posed to Plaintiff and other members of the general public;

c) In failing to warn Plaintiff of the presence of the negligently maintained floors;

d) In failing to erect caution or warning signage, or other device to prevent Plaintiff or other patrons of the general public from encountering the hazardous area of the store;

e) In failing to provide a safe environment for Plaintiff and other members of the general public to walk; and

f) Defendant was otherwise negligent.

13.

Defendant breached its duty of care owed to Plaintiff and the other patrons of the store, and the sole proximate cause of the injuries and damages sustained by Plaintiff was the negligence of Defendant, by and through its agents and employees, on the date and at the place aforesaid.

14.

All of the aforementioned damages were directly and proximately caused by the aforementioned negligence and willful conduct of the Defendant.

15.

Plaintiff has incurred necessary and reasonable attorney's fees and costs in bringing forth her complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined at trial by a fair and impartial jury.

This 29th day of August, 2022.

HARRIS & HARRIS, LLC

/s/ *Christopher S. Harris*
Christopher S. Harris
Attorney for Plaintiff
Georgia Bar Number 135243

Harris & Harris, LLC
P.O. Box 679
Palmetto, Georgia 30268
Phone 770-632-8988
harrisandharrislaw@gmail.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TALITHA KINCADE BROUGHTON,<br>    Plaintiff,<br>v.<br><br>WALMART INC,<br>    Defendant. | CIVIL ACTION NO._____<br><br>COMPLAINT FOR DAMAGES |

### VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, TALITHA KINCADE BROUGHTON, Plaintiff herein, who after being duly sworn, deposes and states that the attached COMPLAINT BY INVITEE FOR DAMAGES are true and correct to the best of her knowledge and belief.

This 29 day of August, 2022.

*/s/ Talitha Kincade Broughton*
TALITHA KINCADE BROUGHTON
Affiant/Plaintiff

Sworn to and subscribed before me
this 29 day of August, 2022.

*/s/ Notary*
NOTARY PUBLIC
My commission expires: 12/22/24

[Notary Seal: TRAM MAI VU PHLONG, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES DECEMBER 22, 2024]

ID# E-4LMMSD2P-2X2
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-2859**

AUG 29, 2022 04:02 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Cobb  County

**For Clerk Use Only**

Date Filed  08-29-2022    Case Number  22-A-2859
           MM-DD-YYYY

**Plaintiff(s)**
Kincade Broughton, Talitha
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**
Walmart Inc.
Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Harris, Christopher S    **Bar Number** 135243    **Self-Represented** ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Contempt/Modification/Other Post-Judgment
☐ Garnishment
☑ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
   ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
   ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                   Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

SHERIFF'S ENTRY OF SERVICE          SC-85-2

| | |
|---|---|
| Civil Action No. **22-A-2859** | Superior Court ☐  Magistrate Court ☐ |
| | State Court ☒  Probate Court ☐ |
| Date Filed **08-29-2022** | Juvenile Court ☐ |
| | Georgia, **COBB** COUNTY |

**E-FILED IN OFFICE**
STATE COURT
COBB COUNTY, GEORGIA
**22-A-2859**
OCT 13, 2022 11:12 AM
*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Attorney's Address

THE LAW FIRM OF
HARRIS & HARRIS, LLC
P.O. Box 679
Palmetto, Georgia 30268

**Taluha Kincade-Broughton**
_____ Plaintiff

VS.

**Walmart Inc.**
_____ Defendant

Name and Address of Party to be Served.

The Corporation Company
Attn: Walmart Inc.
106 Colony Park Drive, Suite 800-B
Cumming, Georgia 30040

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows: age, about ___ years; weight ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant **The Corporation Company** a corporation by leaving a copy of the within action and summons with **Dayvon Jackson** in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant not to be found in the jurisdiction of this Court.

This **22** day of **Sept**, 20 **22**.

_____ Coombs
DEPUTY

SHERIFF DOCKET _____ PAGE _____

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TALITHA KINCADE BROUGHTON, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File |
| vs. | ) ) | No. 22-A-2859 |
| WALMART, INC | ) ) ) | |
| Defendant. | ) | |

**ANSWER AND JURY DEMAND OF DEFENDANT WALMART, INC.**

Defendant Walmart, Inc., by and through counsel, answers plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence to the extent that she could have avoided any alleged hazard through the exercise of ordinary care.

### SECOND DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees.

## FOURTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant Walmart, Inc. answers:

1.

Defendant admits the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant admits that it sells groceries at the location referenced in paragraph 2. It admits that it opens its doors and solicits patronage from the general public for the purpose of selling food, household items, and other grocery related items. Defendant denies the remaining allegations of paragraph 3 as pled.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendant denies that the area was "unmarked." It is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7.

Defendant denies that no potential warning was provided to plaintiff. It is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.

Defendant denies the allegations of paragraph 8 as pled.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.

Defendant admits that it owes a duty of care to its invitees. Defendant denies the remaining allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant denies the allegations of paragraph 14 as pled.

15.

Defendant denies the allegations of paragraph 15.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by defendant Walmart, Inc.

WHEREFORE having answered, defendant Walmart, Inc. prays that it be discharged, with its costs, that it receive a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 24th day of October, 2022.

        WALDON ADELMAN CASTILLA
        HIESTAND & PROUT

        /s/ Casey J. Brown_____
        Jonathan M. Adelman
        Georgia Bar No. 005128
        Casey J. Brown
        Georgia Bar No. 757384
        Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Christopher S. Harris
Harris & Harris, LLC
P.O. Box 679
Palmetto, Georgia 30267
Harrisandharrislaw@gmail.com

    This 24th day of October, 2022.

                                              WALDON ADELMAN CASTILLA
                                              HIESTAND & PROUT

                                              /s/ Casey J. Brown_____
                                              Jonathan M. Adelman
                                              Georgia Bar No. 005128
                                              Casey J. Brown
                                              Georgia Bar No. 757384
                                              Attorneys for Walmart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com