IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TALITHA KINCADE BROUGHTON,     ) ) ) | |
| Plaintiff,     ) ) | CAFN: 1:22-cv-04229-ELR |
| v.     ) ) ) ) | |
| WALMART, INC.     ) ) ) ) ) | |
| Defendant.     ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

**This is a civil action for personal injury involving premises liability, wherein Plaintiff alleges that she fell within Defendant's premises.**

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On August 31, 2020, plaintiff fell in a Wal-Mart store. Plaintiff claims injuries resulting from this fall.**

(c) The legal issues to be tried are as follows:

**(1) duty;**

**(2) breach;**

**(3) causation;**

**(4) damages; and**

**(5) any defenses raised by the named Defendant**

(d) The cases listed below (include both style and action number) are:

(i) Pending Related Cases:  **None.**

(ii) Previously Adjudicated Related Cases:  **None.**

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_\_\_(1)   Unusually large number of parties
\_\_\_\_\_ (2)   Unusually large number of claims or defenses
\_\_\_\_\_ (3)   Factual issues are exceptionally complex
\_\_\_\_ (4)   Greater than normal volume of evidence
\_\_x\_\_ (5)   Extended discovery period is needed
\_\_\_\_ (6)   Problems locating or preserving evidence
\_\_\_\_ (7)   Pending parallel investigations or action by government
\_\_\_\_ (8)   Multiple use of experts
\_\_\_\_\_(9)   Need for discovery outside United States boundaries
\_\_\_\_\_(10)  Existence of highly technical issues and proof

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| For Plaintiffs: | Christopher S. Harris<br>Georgia Bar No. 135243<br>Harris & Harris, LLC<br>P.O. Box 679<br>Palmetto, Georgia 30268<br>(770) 632-8988<br>Harrisandharrislaw@gmail.com |
| For Defendants:<br>(Lead Counsel) | Jonathan M. Adelman, Esq.<br>Georgia Bar No. 005128<br>WALDON ADELMAN CASTILLA HIESTAND & PROUT<br>900 Circle 75 Parkway, Suite 1040<br>Atlanta, Georgia 30339<br>(770) 953-1710 – Telephone<br>jadelman@wachp.com |
| For Defendants:<br>(Other Counsel) | Casey J. Brown, Esq.<br>Georgia Bar No. 757384<br>WALDON ADELMAN CASTILLA HIESTAND & PROUT<br>900 Circle 75 Parkway, Suite 1040<br>Atlanta, Georgia 30339<br>(770) 953-1710 – Telephone<br>jadelman@wachp.com |

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

____ Yes     __x__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined:

    None of which the parties are aware.

    (b)    The following persons are improperly joined as parties:

    Not applicable.

    (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    **None.**

    (d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in L.R. 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None are anticipated at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. L.R. 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. L.R. 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to L.R. 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to L.R. 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties will file and serve their Initial Disclosures on or before Monday November 28, 2022.**

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**No.**

**10. Discovery Period:**

The discovery period commences on November 23, 2022 which is thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in L.R. 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Defendant's actual or constructive knowledge of the alleged hazard including, but not limited to defendant's inspection procedures and compliance therewith; maintenance records, plaintiff's contributory negligence or assumption of risk, plaintiff's pre-and-post incident medical history, the reasonableness and necessity of plaintiff's claimed medical treatment and whether the charges associated with plaintiff's claimed incident-related medical treatment are reasonable and customary.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request a six (6) month discovery period due to issues related to obtaining the entirety of plaintiff's medical history as well as the potential need to retain and hire experts that cannot be completed prior to fact discovery. Additionally, the parties anticipate delays regarding discovery due to current COVID restrictions and related accommodations.**

**11.   Discovery Limitation:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The Defendants request that certain proprietary information, records, policies and procedures, trade secrets, and/or other documents only be produced upon entry of a duly-executed Confidentiality Agreement and Protective Order, pursuant to Fed. R. Civ. P. 26(c)(1)(G).**

(b)   Is any party seeking discovery of electronically stored information?

_____ Yes   _x_ No

If "yes,"

(1)   The parties have discussed the sources and scope of their production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native) method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**At this time, only the Confidentiality Agreement and Protective Order described in paragraph 11(a) above.**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 14, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs:   */s/ Christopher S. Harris*

For Defendants:  */s/ Casey J. Brown*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(\_\_\_\_\_) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(\_\_\_\_\_) A possibility of settlement, but a conference with judge is needed.

(\_\_\_\_\_) No possibility of settlement.

(c) Counsel (__X__) do or (\_\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**None.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_.

(b)   The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this court.

Jointly submitted this 21st day of November, 2022.

| | |
|---|---|
| WALDEN ADELMAN CASTILLA HIESTAND & PROUT | HARRIS & HARRIS, LLC |
| By: */s/ Casey J. Brown*<br>    Jonathan M. Adelman<br>    Georgia Bar No. 005128<br>    Casey J. Brown<br>    Georgia Bar No. 757384 | By: */s/ Christopher S. Harris*<br>    Christopher S. Harris<br>    Georgia Bar No. 949116 |
| 900 Circle 75 Parkway, Suite 1040<br>Atlanta, Georgia 30339<br>(770) 953-1710 – Telephone<br>jadelman@wachp.com<br>cbrown@wachp.com | P.O. Box 679<br>Palmetto, Georgia 30268<br>(770) 632-8988<br>Harrisandharrislaw@gmail.com |

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2022.

Eleanor L. Ross
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION