IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TALITHA KINCADE BROUGHTON, | ) ) | |
| | ) | CAFN: 1:22-cv-04229-ELR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WALMART, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES

**(1)  If any of the defendants is improperly identified, state defendant's correct identification and state whether defendant will accept service an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant are currently unaware of any necessary parties to this action.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant's affirmative defenses of contributory negligence and assumption of risk are self-explanatory or made in order to protect its rights and interests. Defendant breached no duty, were not negligent, and no act or omission of defendant was a proximate cause of plaintiff's alleged damages.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs and usages, and illustrative case law which defendant contends are applicable in this action.**

The Federal Rules of Civil Procedure, Federal Rules of Evidence and the Local Rules for the Northern District of Georgia apply to the within action as well as the following

- O.C.G.A. § 51-3-1, and relevant case law apply to this action and set forth the standard of care applicable to defendant.

- Georgia tort defenses codified in O.C.G.A. § 51-11-1. *et. seq.* and corresponding case law apply to this action and set forth that the plaintiff's claims may be barred in part or in total.

- Georgia law on damages codified in O.C.G.A. 51-12-1, *et. seq.* and corresponding case law limit the type and amount of damages that

plaintiff may claim as well as required her to mitigate her damages.

- Negligence, proximate cause, damages, and applicable Georgia law relating to their affirmative defenses.

Defendant reserve the right to supplement this disclosure as necessary.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Please see attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate witness report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

None at this time. Defendant reserves the right to retain experts to testify at trial, and will supplement its response to this disclosure, as required.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely**

**for impeachment, identifying the subjects of the information.  (Attach**

**document list and descriptions to Initial Disclosures as Attachment C.)**

Please see Attachment C.

**(8) In the space provided below, provide a computation of any category of**

**damages claimed by you. In addition, include a copy of, or describe by**

**category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure, on which such computation is based,**

**including materials bearing on the nature and extent of injuries suffered,**

**making such documents or evidentiary material available for inspection and**

**copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to**

**Initial Disclosures as Attachment D.)**

Not applicable.

**(9) If defendant contends that some other person or legal entity is, in whole or**

**in part, liable to the plaintiff or defendant in this matter, state the full name,**

**address, and telephone number of such person or entity and describe in detail**

**the basis for such liability.**

Defendant does not make such a contention at this time.

**(10)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any**

**insurance agreement under which any person carrying on an insurance**

**business may be liable to satisfy part or all of a judgment which may be**

**entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Based on defendant's understanding of plaintiff's claimed injuries and damages, the relevant levels of insurance coverage include a self-insured retention up to $2,000,000.00 followed by the insurance coverage referenced in the attached declarations page. Defendant has additional levels of insurance coverage above these referenced levels.  Please see Attachment E for additional information.

This 28th day of November, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## Attachment A

1.      Wal-Mart, Inc. including its employees and representatives
        May be contacted through counsel.
        Defendant will have knowledge regarding the facts and circumstances of the
        incident.

2.      Talitha Kincade-Broughton
        Plaintiff was a witness to the incident and will have knowledge
        regarding its facts and circumstances as well as her alleged injuries and
        damages

3       Keith Ingraham
        3844 Anderson Trail
        Ellenwood, Georgia
        (470) 530-6684
        Mr. Ingraham was identified as a witness by plaintiff in her incident report.
        He is an alleged witness to the incident and will have knowledge regarding
        its facts and circumstances

4       James Johnson
        May be contacted through counsel
        Mr. Johnson interacted with plaintiff on the day of the incident.

5.      Keshawnna Jones
        May be contacted through counsel
        interacted with plaintiff and will have knowledge of those interactions.

6.      Any of plaintiff's medical providers, as well as their unknown agents and
        employees, identified by plaintiff in his initial disclosures or in discovery.
        These entities/individuals may have information related to their respective
        medical treatment of plaintiff as well as related to the potential causation of
        any medical symptomology that plaintiff may attribute to the subject
        accident.

8.      Any other witnesses listed on plaintiff's initial disclosures.

        Defendant reserve the right to supplement this response as additional
information is obtained in discovery.

## **Attachment B**

At this time, Defendant has not retained any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendant will disclose such persons if and when such persons as described in Fed. R. Civ. P. 26(a)(2)(B) have been retained to retained to testify at trial.

**Attachment C**

A)  Any internal incident reports;

B)  Photographs taken on the day of the incident;

C)  Store video

D)  Defendant's inspection policies and procedures;

E)  Plaintiff's pre-and-post accident medical records, bills, and diagnostic imaging;

F)  Plaintiff's employment and claims records;

G)  The parties' respective pleadings;

H)  Written discovery responses from the parties;

I)  Any document produced by any party in discovery;

J)  Any document produced by any non-party in discovery; and

K)  Any deposition to be taken of a witness in this case.

Defendant reserve the right to supplement this response as additional information becomes available in discovery.

## **Attachment D**

None by the defendant.

## **Attachment E**

Attached herewith is a copy of the aforementioned declarations page.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certify that the foregoing pleading complies with the font and point selections approved by the Court and Local Rule 5.1B.  The foregoing pleading has been prepared in 14 point Times New Roman font.

This 28<u>th</u> day of November, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TALITHA KINCADE BROUGHTON, | ) ) ) | |
| Plaintiff, | ) ) | CAFN: 1:22-cv-04229-ELR |
| v. | ) ) ) | |
| WALMART, INC. | ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2022 I electronically filed Defendant's

Initial Disclosures using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorney(s) of record:

> Christopher S. Harris
> Georgia Bar No. 949116
> Harris & Harris, LLC
> P.O. Box 679
> Palmetto, Georgia 30268
> (770) 632-8988
> Harrisandharrislaw@gmail.com

This 28th day of November, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT


/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com