IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TALITHA KINCADE BROUGHTON,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : CAFN: 1:22-cv-04229-ELR |
| WALMART, INC.,<br>　　Defendant, | :<br>:<br>: |

# **PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted:

By the Plaintiff: <u>Plaintiff's filed response in opposition to Defendant's Motion for Leave to File Motion for Summary Judgment.</u>

By the Defendant: <u>Defendant has submitted a motion for leave to file a motion for summary judgment.</u>

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

<u>28 U.S.C. §§ 1332 (a) and 1441</u>

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:
Plaintiff: <u>Christopher S. Harris</u>
Defendant: <u>Matthew J. Hurst</u>

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.
<u>None.</u>

7.

The captioned case shall be tried (<u>X</u>) to a jury or (_) to the court without a jury, or (_) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

By the Plaintiff:   <u>The trial should not be bifurcated as this case will require the jury to consider the entirety of the evidence presented in order to determine whether the extent of damages are directly and proximately caused by the slip and fall.</u>

By the Defendant: <u>Defendant requests a unified trial, as there are no factual or legal issues which necessitate a bifurcated trial.</u>

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

Defendant objects to Plaintiff's proposed voir dire question #22 as it seeks to present evidence to the jury prior to the jury being selected. As proposed, Plaintiff's voir dire question asks potential jurors if they have "suffered a slip and fall injury similar to the Plaintiff," something which can not be answered without potential jurors first being given sufficient information regarding Plaintiff's slip and fall to determine if other incidents are "similar to" Plaintiff's incident.

Defendant objects to Plaintiff's proposed voir dire question #24 as it seeks to have the jury pre-judge the case and answer queries regarding what damages they would or would not consider awarding, despite not yet being presented with any evidence to consider.

State any objections to defendant's voir dire questions:

<u>Plaintiff objects to Defendant's proposed voir dire questions numbers 19-23 as they relate to narcotics, and thereby seek to suggest a prejudicial matter that is not supported by the evidence in this case.</u>
<u>Plaintiff objects to Defendant's proposed voir dire questions numbers 26-27 as they may serve to indoctrinate the jurors on incorrect statements of the law insofar as Defendant states that making a claim for compensation from injuries should be characterized as "gain".</u>
<u> Plaintiff objects to Defendant's proposed voir dire questions numbers 31-33 as they also seek to indoctrinate the jurors on incorrect statements of law, and improperly use vague and nondescript language which may lead the jurors to prejudge evidence.</u>

State any objections to the voir dire questions of the other parties, if any: <u>None applicable.</u>

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.
<u>None.</u>

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any

decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

Legal issues to be tried are as follows:

1. Duty
2. Breach
3. Causation
4. Damages

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required,

however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.

Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition: <u>None, with only deponent being Plaintiff.</u>

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.
<u>None on behalf of the Plaintiff.</u>
<u>None on behalf of the Defendant.</u>

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.
Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.
Plaintiff's proposed verdict form is attached as "Attachment I," Defendant's proposed verdict form is attached as "Attachment II."

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on January 30, 2024, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (__X__) has not discussed settlement of this case with counsel. It appears at this time that there is:
(_____) A good possibility of settlement.
(_____) Some possibility of settlement.
(__X__) Little possibility of settlement.
(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require __1-2__ days to present its evidence. The defendant estimates that it will require 1 day to present its evidence. The other parties estimate that it will require _____ days to present their evidence. It is estimated that the total trial time is 2-3 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20\_\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

| | |
|---|---|
| _____ | /s/ Matthew J. Hurst (Signed by Chris Harris WEP) _____ |
| Counsel for Plaintiff | Counsel for Defendant |
| Christopher S. Harris | Matthew J. Hurst |
| GA Bar Number 135243 | GA Bar Number 480267 |
| P.O. Box 679 | 900 Circle 75 Parkway |
| Palmetto, Georgia 30268 | Suite 1040 |
| 770-632-8988 | Atlanta, Georgia 30339 |
| harrisandharrislaw@gmail.com | 770-953-1710 |
| | mhurst@waldonadelman.com |